UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| J&J SPORTS PRODUCTIONS, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 13-cv-3332 ) |
| JOSE M. GONZALEZ, individually and d/b/a JOEY'S SHRIMP HOUSE, INC. d/b/a JOEY'S SHRIMP HOUSE; and JOEY'S SHRIMP HOUSE, INC., d/b/a JOEY'S SHRIMP HOUSE, | ) Judge John W. Darrah ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff J&J Sports Productions, Inc. has brought this action against Defendants for Defendants' alleged wrongful interception and distribution of a televised boxing match. Plaintiff has now moved for summary judgment. For the reasons discussed below, Plaintiff's Motion [33] is denied.

## BACKGROUND

*Procedural History*

On May 2, 2013, Plaintiff filed its Complaint, alleging the following three claims: violation of 47 U.S.C. § 605 (Count I); violation of 47 U.S.C. § 553 (Count II); and conversion (Count III). On November 4, 2013, Defendants filed an Answer. On January 21, 2014, Plaintiff served discovery requests upon defense counsel. Defendants did not respond to Plaintiff's requests and repeatedly failed to comply with this Court's Orders to produce discovery.

On November 6, 2014, based on Defendants' repeated discovery misconduct, this Court granted Plaintiff's Motion to Bar, barring Defendants from opposing Plaintiff's claims, deeming

facts admitted, and finding Defendants in default, pursuant to Rule 37(b). The Court also granted Plaintiff's motion for an extension of time to file for summary judgment. On December 12, 2014, Plaintiff filed the instant Motion. Defendants have not filed a response.

*Factual Background*[1]

Plaintiff is a California corporation and distributor of televised sporting events. Plaintiff purchased the exclusive nationwide television distribution rights to the boxing match, *Manny Pacquiao v. Shane Mosley, WBO World Welterweight Championship Fight Program*, which took place on May 7, 2011 (the "Program"). (Pl.'s Rule 56 Statement of Material Facts ("SMF") ¶ 4.) Defendant Jose Gonzalez is an officer, director, shareholder and/or principal of Defendant Joey's Shrimp House, Inc. d/b/a Joey's Shrimp House, which is located at 1432 North Western Avenue, Chicago, Illinois ("Joey's Shrimp House"). (Def's Answer ¶ 8.) On May 7, 2011, Plaintiff's private investigator, Aaron Lockner, witnessed the Program being televised to patrons at Joey's Shrimp House. (SMF ¶¶ 5-6.) The price that Defendants would have had to pay for the right to televise the Program was $2,200.00. (*Id.* ¶ 8.) Defendant Gonzalez did not pay a licensing fee to Plaintiff for the rights to show the Program at Joey's Shrimp House. (*Id.* ¶ 10.)

**LEGAL STANDARD**

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial responsibility of informing the court of the basis for its motion and identifying the evidence it believes demonstrates the absence of a genuine issue of

---

[1] The background facts are taken from the allegations of the Complaint and the Plaintiff's Rule 56 Statement of Material Facts, both of which are deemed admitted as a result of the Defendants' default and failure to respond under Local Rule 56, respectively. *See Black v. Lane*, 22 F.3d 1395, 1397 n.4 (7th Cir. 1994); *see also Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003).

material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). If the moving party meets this burden, the nonmoving party cannot rest on conclusory pleadings but "must present sufficient evidence to show the existence of each element of its case on which it will bear the burden at trial." *Serfecz v. Jewel Food Stores*, 67 F.3d 591, 596 (7th Cir. 1995) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986)).

**ANALYSIS**

Based on Defendants' default and failure to respond to Plaintiff's Motion, all allegations in the Complaint and the Statement of Material Facts are deemed admitted. *See Black v. Lane*, 22 F.3d 1395, 1397 n.4 (7th Cir. 1994); *see also Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003).

The issue that arises, then, is which statute applies to impose liability and calculate damages. In its Complaint, Plaintiff alleged that Defendants violated both §§ 553 and 605. In the relief requested in its Motion, Plaintiff seeks statutory damages under § 553 totaling $13,800.00, plus attorneys' fees and costs. (Pl.'s Mot. at 4.) However, in the relief requested in its supporting Memorandum, Plaintiff argues that Defendants violated § 605 and seeks the same amount of statutory fees under § 605. (Pl.'s Mem. in Support of Mot. at 10). Furthermore, in both its Motion and its supporting brief, Plaintiff refers to both statutes. Plaintiff's confused approach to damages requires consideration of these two statutes.

Section 553(a)(1) prohibits "intercepting or receiving any communication services offered over a **cable** system, unless specifically authorized to do so by a cable operator or as may otherwise be specifically authorized by law." 47 U.S.C. § 553(a)(1) (emphasis added). Section 605, in contrast, states, *inter* alia, that "[n]o person not being authorized by the sender shall intercept any **radio** communication and divulge or publish the existence, contents, substance,

3

purport, effect, or meaning of such intercepted communication to any person." 47 U.S.C. § 605(a) (emphasis added).

In *U.S. v. Norris*, 88 F.3d 462, the Seventh Circuit examined both statutes. In that case, the government indicted the defendant under § 605, based on the defendant's alleged sale of cable decoder boxes that descrambled cable channels. After the district court dismissed the indictment, the government appealed and argued that both § 553 and § 605 apply, interchangeably, to the interception of cable transmitted over a cable network. *Id.* at 466. Rejecting the government's argument, the Seventh Circuit explained that § 553 applies to cable television programming transmitted over a cable network (such as using decoder boxes), while § 605 governs cable television programming that travels through the air (such as a satellite). *Id.* at 468. Accordingly, the *Norris* court held that § 605 does not apply to cable programming received via a cable wire and affirmed the dismissal of the indictment. *Id.* at 469.

The holding in the Fifth Circuit case, *J&J Sports Prods., Inc. v. Mandell Family Ventures, L.L.C.*, 751 F.3d 346 (5th Cir. 2014), is instructive, as it involved the same plaintiff and similar facts as those presented to this Court. In that case, the plaintiff alleged that the defendants violated both §§ 553 and 605 based on the defendants' unauthorized broadcast of a televised boxing match. The district court entered summary judgment and awarded statutory damages in favor of the plaintiff, without explicitly stating which statute applied. *Id.* at 348. The Fifth Circuit reversed, holding that § 605 did not apply to the defendants' receipt of communication by wire from a cable system and that there existed a genuine issue of material fact whether the defendants violated § 553, based on a safe harbor provision. *Id.* at 350, 353.

4

In another case involving the same plaintiff, a court in this district denied the plaintiff's motion for summary judgment where the plaintiff moved for summary judgment on both §§ 553 and 605. *J&J Sports Prods., Inc. v. Resendiz*, No. 08 C 4121, 2009 WL 1953154, at *1 (N.D. Ill. July 2, 2009). The district court characterized the plaintiff's motion as "very close to being frivolous," noting that the plaintiff had previously conceded that the two statutes are mutually exclusive and must be pleaded in the alternative. *Id.* at *2. Furthermore, the court noted that the plaintiff had failed to set forth what it must prove under each statute. Likewise, the plaintiff failed to develop any argument that the individual defendant was vicariously liable for the unauthorized broadcast of the boxing match at issue. *Id.*; *see also J&J Sports Prods., Inc. v. Perez*, No. 12 C 8256, 2014 WL 3805818, at *2-3 (N.D. Ill. Aug. 1, 2014) (denying summary judgment and holding that plaintiff had failed to develop facts or argument to support that defendant was individually liable).

As in *Resendiz*, Plaintiff here appears to be proceeding under both statutes without setting forth what it is required to prove under either. Plaintiff has offered no facts or argument whether Defendants intercepted the Program over a cable wire system, so that § 553 applies, or through the air, such that § 604 applies. Rather, Plaintiff has seemed to take a buckshot approach to the two statutes, which is inconsistent with the Seventh Circuit precedent set in *Norris* and which has been rejected by other courts. Likewise, Plaintiff has failed to develop any argument that would support imposing individual liability on Defendant Jose Gonzalez. *See Resendiz*, 2009 WL 1953154 at *2; *see also Perez*, 2014 WL 3805818, at *2-3. Plaintiff has failed to meet its burden that it is entitled to judgment as a matter of law.

## CONCLUSION

For the reasons discussed above, Plaintiff's Motion for Summary Judgment [33] is denied.

Date:     January 27, 2015                   _____
                                             JOHN W. DARRAH
                                             United States District Court Judge